IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| SHIREIKA WHITMORE | § | |
| | § | CIVIL ACTION NO. _____ |
| VS. | § | |
| | § | Judge _____ |
| HSMTX/LIBERTY, LLC d/b/a | § | |
| LIBERTY HEALTHCARE CENTER | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

### A. Parties

1.      Plaintiff, SHIREIKA WHITMORE, is an individual who is a citizen of the State of Texas.

2.      Defendant, HSMTX/LIBERTY, LLC d/b/a LIBERTY HEALTHCARE CENTER ("Liberty Healthcare"), is a domestic limited liability company doing business in the State of Texas.  Liberty Healthcare may be served with process by delivery to its registered agent in Texas, National Registered Agents, Inc., 1999 Bryan Street, Suite 900, Dallas, Texas 75201.

### B. Jurisdiction

3.      The court has jurisdiction over the lawsuit under the federal question jurisdiction 28 U.S.C. § 1331 because some of the civil actions alleged arise under federal laws prohibiting employment discrimination based on race pursuant to 42 U.S.C. § 2000e.

### C. Venue

4.      Venue is proper in this district under 42 U.S.C. §2000e-5(f)(3) because the alleged unlawful employment practice was committed in this district. The plaintiff worked for defendant at its location in Liberty, Texas, which is within this district. The unlawful employment practices occurred at that location.

### D. Exhaustion of Administrative Remedies

5.      Plaintiff timely filed a charge of discrimination against defendant with the Equal Employment Opportunity Commission ("EEOC").  Plaintiff files this complaint within 90 days after receiving a notice of the right to sue from the EEOC.  A copy of the notice of the right to sue is attached as Exhibit A.

### E. Unlawful Employment Practices Under Title VII

6.      Plaintiff is a black female employee protected under Title VII, 42 U.S.C. §2000e(f).

7.      Defendant is an employer within the meaning of Title VII, 42 U.S.C. §2000e(b).

### Racial Discrimination Under Title VII

8.      Defendant intentionally discriminated against plaintiff because of her race in violation of Title VII, 42 U.S.C. §2000e-2 by racially harassing, denying employment opportunities, treating plaintiff differently than employees of other races, and in ultimately terminating plaintiff based on her race.

9.      Defendant acquired plaintiff's services through the placement services of Health Services Management of Texas, LLC.  Plaintiff began working for defendant as a respiratory therapist on or around June 2013 at defendant's facility in Liberty, Texas. Defendant and defendant's management employees directed plaintiff's work and schedule.

10.     The working environment at defendant's Liberty Healthcare Center in Liberty, Texas is heavily charged with racial discrimination. Throughout her employment, plaintiff was subjected to actions that were intolerably abusive to her because of her race.

11.     Defendant's Director of Nursing, Sheila Shook, accused plaintiff of yelling at a Caucasian employee.  In investigating the incident, Shook, a Caucasian employee, would only take statements from other Caucasian employees.  Black employees, who witnessed

the event and wished to give statements, were not allowed to do so. Shook, who has a history of racist actions while working for defendant, targeted plaintiff for termination and led an investigation in order to terminate plaintiff. During the investigation, plaintiff was taken off the work schedule. Shook told plaintiff that there was nothing plaintiff could do or say that would help her save her job. Defendant terminated plaintiff's employment on or around November 20, 2013.

12.     Throughout her employment with defendant, plaintiff witnessed employees outside her class given preferential treatment over black employees.   Caucasian employees had violated company policies and were not investigated, written up or terminated.  Plaintiff had not been written up or had any disciplinary actions against her until she was targeted by Shook.

13.     Defendant's intentional discrimination resulted in an adverse employment action against plaintiff.  Defendant harassed plaintiff because of her race.  Defendant disciplined plaintiff harsher than it did non-black employees.  Defendant's termination of plaintiff was because of her race.

### F.  Racial Discrimination Under 42 U.S.C.§ 1981

14.     Plaintiff is a member of a protected class, the black race.

15.     At all times relevant, plaintiff was in a contractual relationship with defendant within the meaning of 42 U.S.C. § 1981.  An employee subject to at-will termination under Texas law nevertheless has an implied "contract" with their employer that unlawful racial discrimination will not be allowed that meets the § 1981 requirements to maintain an action against an employer for its breach.  *Fadeyi v. Planned Parenthood Ass'n of Lubbock, Inc.*, 160 F.3d 1048, 1050 (5th Cir. 1998).

16.    During the course of plaintiff's employment, defendant violated plaintiff's rights by depriving plaintiff of her right to the enjoyment of all benefits, privileges, terms and conditions of plaintiff's employment contract "as is enjoyed by white citizens," in violation of 42 U.S.C.§ 1981(b).

17.    During the course of plaintiff's employment with defendant, plaintiff did not enjoy the same benefits, privileges, terms and conditions of employment as did white employees.

18.    Defendant's treatment, practices and policies directed toward plaintiff, as more fully described in this complaint, denied plaintiff the full and equal benefits of all laws and proceedings for the security of persons and property "as is enjoyed by white citizens," in violation of 42 U.S.C. § 1981.

19.    Defendant's treatment, practices and policies directed toward plaintiff, as more fully described in this complaint, denied plaintiff the right to make and enforce contracts "as enjoyed by white citizens," in violation of 42 U.S.C. § 1981.

20.    Through its actions and treatment of plaintiff, defendant intended to discriminate against plaintiff on the basis of her race.

### G. Damages

21.    As a direct and proximate result of defendant's conduct, plaintiff has suffered damages and losses entitling her to the following remedies:

    a.    Back pay, including that amount of wages and employment benefits plaintiff would have earned if she had not been subjected to defendant employer's unlawful conduct less any wages, unemployment compensation benefits, or worker's compensation benefits she received in the interim.  ("Employment benefits" include sick leave pay, vacation pay, profit sharing benefits, stock options, pension fund benefits, housing or transportation subsidies, bonuses, monetary loses incurred as a result of loss of health, life, dental, or similar insurance coverage.);

b.      Reinstatement;

c.      Front pay, if reinstatement is inappropriate;

d.      Compensatory damages in the past, which include emotional pain and suffering, inconvenience, mental anguish, expenses incurred in seeking other employment, and loss of enjoyment of life; and

e.      Compensatory damages in the future, which include economic losses, emotional pain and suffering, inconvenience, mental anguish, and loss of enjoyment of life.

## H.  Attorney Fees

22.    Plaintiff is entitled to an award of attorney fees, including expert fees, and costs under 42 U.S.C. § 12205 and/or 42 U.S.C. § 2000e-5(k).

## I.  Additional Damages

23.    In addition to the previously alleged damages (which plaintiff alternatively seeks under this cause of action) plaintiff seeks exemplary damages for defendant's malicious actions, clearly arising from ill will, reckless indifference, spite, evil motive and with a purpose to injure plaintiff.

## J.  Jury Demand

24.    Plaintiff requests a trial by jury.

## K.  Prayer

25.    For these reasons, plaintiff asks for judgment against defendant for the following:

a.      Reinstatement to her prior job and position;

b.      Back pay and front pay, including all employment benefits;

c.      Compensatory damages in the past, including emotional pain and suffering, inconvenience, mental anguish, and loss of enjoyment of life;

d.    Compensatory damages in the future, including economic losses, emotional pain and suffering, inconvenience, mental anguish, and loss of enjoyment of life;

e.    Exemplary damages;

f.    Attorney fees and courts costs; and

g.    All other relief the Court deems appropriate, at law and in equity.

Respectfully submitted,

BUSH LEWIS, PLLC
595 Orleans Street, Suite 500
Beaumont, TX 77701
409/835-3521
409/835-4194 (Fax)

By:    _____
Kenneth W. Lewis
Ken.L@bushlewis.com
Texas Bar #12295300
Stephen L. Townsend
Stephen.T@bushlewis.com
Texas Bar #24071539

ATTORNEYS FOR PLAINTIFF